UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 23 2011 ★

BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>KOFI YIADOM BOAKYE,<br><br>Defendant. | 11-CR-386<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |



JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

1

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On July 12, 2011, Kofi Yiadom Boakye plead guilty to a lesser included offense of Count One of a two-count indictment, which charged that he imported heroin into the Unites States in violation of 21 U.S.C. § 952(a).

Yiadom Boakye was sentenced on November 17, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-two and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between forty-one and fifty-one months. Because his role was limited to that of a drug courier, four points were deducted from the base offense level. Three points were deducted for the defendant's acceptance of responsibility. The offense carried a maximum term of imprisonment of twenty years. 21 U.S.C. § 960(b)(3). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine was from $10,000 to $1,000,000. Count Two of the indictment was dismissed by the court.

Yiadom Boakye was sentenced to one year and one day or incarceration and five years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Although importation of heroin is a serious offense, the defendant's role in the crime was limited. His background indicates that he is unlikely to reoffend. Defendant is fifty-one years old and a Ghanaian citizen. He has been continuously employed since 1982, first as a school teacher and then as an auto parts salesman. He has three children with his wife of thirteen years. One of his children was severely burned when she was three years old and requires ongoing medical treatment. He agreed to act as a drug courier in order to get money for her treatment.

Although his wife is currently employed as a hairdresser, the defendant is the primary breadwinner of the family. He also financially supports his elderly mother and two nephews, the sons of his deceased brother. After being in the United States and in custody for seven months, he is eager to go home to Ghana and resume taking care of his family. A sentence of one year and one day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that even minor involvement in drug importation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the limitation on the

defendant's ability to return to the United States. It is unlikely that he will engage in further criminal activity in light of his family circumstances and his remorse.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: November 18, 2011
Brooklyn, New York